IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LATOSHANN THOMPSON,<br><br>                Plaintiff,<br><br>vs.<br><br>NEBRASKA MEDICAL CENTER, and BRADDOCK FINNEGAN MEDICAL PRACTIONALS,<br><br>                Defendants. | 8:23CV490<br><br>**MEMORANDUM AND ORDER** |

On July 29, 2024, the Court conducted an initial review of Plaintiff's Complaint, Filing No. 1, and concluded that the Complaint's allegations failed to establish the Court's subject-matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332. Filing No. 9. On its own motion, the Court gave Plaintiff 30 days "to file an amended complaint that clearly sets forth a basis for the Court's jurisdiction." *Id*. at 6. On August 27, 2024, Plaintiff filed her Amended Complaint. Filing No. 10. The Court now reviews Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and concludes this case must be dismissed for lack of subject matter jurisdiction.

**I. SUMMARY OF AMENDED COMPLAINT**

Plaintiff's Amended Complaint consists of a two-page, typed narrative generally describing Plaintiff's medical condition and the failure of Defendants to properly diagnose her condition or treat it. Plaintiff states she is seeking $4,000,000 in damages for past, present, and future pain and suffering, medical costs, bills, out-of-pocket expenses, and travel costs, but Plaintiff does not allege any information about Defendants' or her citizenship. *See* Filing No. 10 at 2. Plaintiff states that her "basis on

bringing this action in federal court is to state [her] claims of medical negligence by the Defendants." *Id*.[1] Plaintiff also alleges her "HIPPA rights has been violated by past providers who refused to order the appropriate test needed to diagnose [her] correctly" and her "U.S. Constitutional rights . . . have . . . been violated by the Defendants preventing [her] from getting the medical treatment [she] needed to avoid the harm and damage caused by the Defendants for their negligence of performing surgery while [she] was infected with a fungal infection on [her] skin." *Id*.

## II. DISCUSSION

Plaintiff's Amended Complaint fails to establish a basis for this Court's jurisdiction. As the Court explained in its previous order on initial review, a plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject-matter jurisdiction may be proper under 28 U.S.C. § 1331 where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Subject-matter jurisdiction may also be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted).

---

[1] In all quotations from Plaintiff's Amended Complaint, the capitalization has been altered from the original.

Here, Plaintiff's Amended Complaint suffers from the same jurisdictional defects identified in the Court's July 29, 2024, Memorandum and Order on initial review.  Filing No. 9.  Plaintiff's original Complaint failed to allege that the parties are diverse, *see* Filing No. 1, and Plaintiff does not allege any new information about the citizenship of the parties in her Amended Complaint, *see* Filing No. 10.  Nor do Plaintiff's allegations suggest the existence of a federal question as Plaintiff's claims are clearly medical malpractice and negligence claims under state law.  Plaintiff's passing and conclusory references to "HIPPA" and the U.S. Constitution fail to establish federal question jurisdiction.  See *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts; rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly.); *see also Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action.").  Thus, the Court lacks subject matter jurisdiction to consider Plaintiff's state-law medical malpractice and negligence claims, and the Amended Complaint must be dismissed.  If Plaintiff wishes to pursue her claims against Defendants, then she must do so in state court.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice for lack of subject matter jurisdiction.

2. A separate judgment shall be entered.

Dated this 23rd day of April, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge